UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN B. GOLDSMITH, ESQ., | Case No.: 2:10-cv-01845-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Ex Parte Temporary Restraining Order and Order Shortening Time–#5) |
| JORDAN R. COOPER, CHERYL COOPER DRISCOLL, FACE BOOK, INC. DOES ROE CORPORATIONS , | |
| Defendants. | |

Before the Court is Plaintiff Jonathan B. Goldsmith's **Motion for Ex Parte Temporary Restraining Order ("TRO") and Application for Hearing on Preliminary Injunction on an Order Shortening Time** (#5), filed October 25, 2010. Goldsmith filed this motion *ex parte*.

**BACKGROUND**

Plaintiff Goldsmith is counsel of record in an action before the Eighth Judicial District Court of the State of Nevada wherein Defendant Jordan R. Cooper is an opposing party. Goldsmith alleges that Defendants have committed tortious acts against him through use of the internet and other means. Specifically, Goldsmith alleges that Cooper and Defendant Cheryl

1

Cooper Driscoll used Defendant Facebook, Inc.'s social networking website to publish defamatory and demeaning statements about him on or about October 1, 2010. In addition, Goldsmith alleges that Cooper engaged in a pattern of stalking him during August 2010.

On October 4, 2010, Goldsmith filed this action against Defendants in the Eighth Judicial District Court of the State of Nevada alleging: (1) slander against all Defendants; (2) slander pre se against all Defendants; (3) libel against all Defendants; (4) libel per se against all Defendants; (5) false light defamation against Cooper and Cooper Driscoll; (6) invasion of privacy against Cooper and Cooper Driscoll; (7) intentional interference with business relations against Cooper and Cooper Driscoll; (8) intentional infliction of emotional distress against Cooper and Cooper Driscoll; (9) stalking against Cooper and Cooper Driscoll; (10) violation of U.S.C. 18 § 2511(a) against Cooper and Cooper Driscoll; (11) violation of U.S.C. 18 § 2511(e) against Cooper and Cooper Driscoll; and (12) permanent injunction against Cooper and Cooper Driscoll. Defendant Facebook removed the case to this Court on October 21, 2010. (Dkt. #1, Pet. for Removal.) Defendants Cooper and Cooper Driscoll joined the petition for removal on October 22, 2010. (Dkt. #4, Joinder.)

Goldsmith has now filed an *ex parte* TRO motion asking the Court to prevent "Defendants from further using Plaintiff's name and likeness to publish discriminatory, slanderous, misleading and false information about Plaintiff and preventing Defendants from further stalking and harassing Plaintiff in contravention with Nevada and Federal law." (Dkt. #5, TRO Mot. 6.) For the reasons discussed below, the Court denies Goldsmith's motion.

**DISCUSSION**

**I.   Legal Standard**

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*

AO 72
(Rev. 8/82)

*Inc.*, --- U.S. ---, 129 S. Ct. 365, 374 (2008).  Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, a party must satisfy each of these four requirements.

### A. Ex Parte Requirements

The standard for obtaining *ex parte* relief under Rule 65 is very stringent.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury *before* the responding party can be heard.  Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).  Furthermore, Local Rule 7-5 states, "[a]ll *ex parte* motions applications or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain a stipulation and why a stipulation was not obtained."

In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard.  Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).  Thus, the central issue for an *ex parte* TRO motion is whether something needs to be done immediately—before a hearing can be held.  Once the adverse party is given an opportunity to respond and a hearing is set, then the Court considers whether a preliminary injunction should issue.

### B. Analysis

The Court denies Goldsmith's motion for two reasons.  First, Goldsmith has had ample time—over three weeks since filing the action—to notify Defendants of a request for injunctive relief and give them an opportunity to be heard before the Court.  However, he has failed to do so.  Goldsmith has not satisfied Local Rule 7-5(a)'s requirement for a statement

3

*showing good cause why* the matter was submitted to the court without notice to all parties. The Court cannot simply infer good cause from Goldsmith's assertions of irreparable harm. In addition, Goldsmith fails to show any efforts to obtain a stipulation pursuant to Local Rule 7-5(b). Second, Goldsmith has not addressed the Supreme Court's requirement under *Winter* to establish that the balance of equities tips in his favor and an injunction is in the public interest. 129 S. Ct. at 374. The Court notes that diligent litigants and their counsel do not fail to comply with the Federal Rules of Civil Procedure or the Local Rules of Practice. Accordingly, the Court denies Goldsmith's motion and finds that Plaintiff has not met his burden in submitting the motion under *ex parte* seal.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Goldsmith's Motion for Temporary Restraining Order (#5) is DENIED. The Clerk of the Court is instructed to unseal the document and related exhibits.

Dated: October 29, 2010

_____
**ROGER L. HUNT**
**Chief United States District Judge**